```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROGER JOHNSON, Individually
and on behalf of the Estate of
Carol June Johnson,**

       **Plaintiff,**

**v.**                    **//**    **CIVIL ACTION NO. 1:15CV189**
                                              (Judge Keeley)

**HCR MANORCARE LLC, HCR MANORCARE,
INC., HCRMC OPERATIONS, LLC, HCR
MANORCARE HEARTLAND, LLC, MANORCARE,
INC., HCR HEALTHCARE, LLC, HCR
MANORCARE SERVICES, INC., HEALTH
CARE AND RETIREMENT CORPORATION
OF AMERICA, LLC, HEARTLAND EMPLOYMENT
SERVICES, LLC, HEARTLAND OF CLARKSBURG
WV, LLC, HCR MANORCARE WEST VIRGINIA
PROPERTIES, LLC, STACY WELLMAN, JOHN
DOES 2 THROUGH 10, UNIDENTIFIED ENTITIES
1 THROUGH 10,**

       **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING EMERGENCY MOTION TO REMAND [DKT. NO. 3] AND REMANDING CASE

Pending before the Court is the emergency motion to remand filed by the plaintiff, Roger Johnson, individually and on behalf of the Estate of Carol June Johnson. For the reasons that follow, the Court **GRANTS** the emergency motion to remand (Dkt. No. 3), and **REMANDS** the case to the Circuit Court of Harrison County, West Virginia.

### BACKGROUND

This case stems from the alleged injuries suffered by the decedent, Carol June Johnson ("Mrs. Johnson"), during her stay at

**MEMORANDUM OPINION AND ORDER GRANTING EMERGENCY
MOTION TO REMAND [DKT. NO. 3] AND REMANDING CASE**

Heartland of Clarksburg, a skilled nursing facility in Clarksburg, West Virginia, from July 16, 2013, until her death on October 2, 2013 (Dkt. No. 1 at 2). Ralph Johnson, who is Mrs. Johnson's husband, filed this suit as the representative of her estate in the Circuit Court of Harrison County on July 14, 2014. Id. On February 12, 2015, he filed a first amended complaint to substitute Roger Johnson ("Johnson"), the son of Mrs. Johnson, as the representative of her estate. Id.

On October 26, 2015, approximately one week before the scheduled trial in state court, the defendants removed the case (Dkt. No. 1; Dkt. No. 3-2), claiming that Johnson had fraudulently joined Stacy Wellman ("Wellman"), a West Virginia citizen and the only diversity-destroying defendant (Dkt. No. 1 at 5). That same day, Johnson filed an emergency motion to remand, arguing that he had not fraudulently joined Wellman, and that removal was an improper attempt to delay the state court trial (Dkt. No. 3). Given the time-sensitive nature of the motion and the seriousness of its allegations, the Court ordered the defendants to file a response the next day, which they did (Dkt. No. 6).

Johnson is a West Virginia citizen for purposes of this litigation because the Estate of Mrs. Johnson is a citizen of West

Virginia. Id. at 3. The parties do not dispute that the corporate defendants in this litigation are diverse from the Estate.[1] Id. at 3-4; Dkt. No. 4 at 2. Wellman, the only individual defendant, was the administrator of Heartland of Clarksburg during Mrs. Johnson's stay (Dkt. No. 1 at 5). The defendants contend that Johnson fraudulently joined Wellman, who was acting within the scope of her employment as administrator at the time of Mrs. Johnson's injury and death. Id. at 5-8. Apparently, certain comments this Court made during a recent scheduling conference in an unrelated case in a different procedural posture have prompted the defendants to

---

[1] HCR ManorCare, LLC, is a Delaware limited liability company, and a citizen of Delaware and Ohio (Dkt. No. 1 at 3). HCR ManorCare, Inc., is a Delaware corporation with its principal place of business in Ohio. Id. at 4. HCRMC Operations, LLC, was a Delaware limited liability company, and a citizen of Delaware and Ohio. Id. HCR ManorCare Heartland, LLC, is a Delaware limited liability company and a citizen of Delaware and Ohio. Id. Manor Care, Inc., is a Delaware corporation with its principal place of business in Ohio. Id. HCR Healthcare, LLC, is a Delaware limited liability company, and a citizen of Delaware and Ohio. Id. HCR Manor Care Services, Inc., was an Ohio corporation with its principal place of business in Ohio. Id. Health Care and Retirement Corporation of America, LLC, is an Ohio limited liability company, and a citizen of Delaware and Ohio. Id. Heartland Employment Services, LLC, is an Ohio limited liability company, and a citizen of Delaware and Ohio. Id. Heartland of Clarksburg, WV, LLC, is a Delaware limited liability company, and a citizen of Delaware and Ohio. Id. HCR ManorCare West Virginia Properties, LLC, now known as West Virginia Properties, LLC, is a Delaware limited liability company, and a citizen of Delaware and California. Id.

contend that an individual claim against Wellman is improper under West Virginia law.[2] Id. at 7.

Importantly, Wellman filed a motion for summary judgment in state court, arguing this very issue (Dkt. No. 3-3 at 7). In a letter ruling issued on October 16, 2015, the Honorable Thomas A. Bedell, Judge of the Circuit Court of Harrison County, West Virginia, rejected Wellman's contention that she did not act outside the scope of her employment as administrator, denying her motion for summary judgment. Id. at 9. At bottom, the defendants are asking this Court to revisit Judge Bedell's conclusion by finding that Johnson has failed to present any evidence of Wellman's conduct outside the scope of her employment. See id.

The questions presented by the parties' briefing are: (1) whether the Court lacks jurisdiction to reconsider Judge Bedell's summary judgment ruling under the Rooker-Feldman doctrine; and, (2) whether the notice of removal was untimely filed pursuant to 28

---

[2] During a recent scheduling conference in Rowan v. Extendicare, Inc., No. 1:15CV114, the Court denied the plaintiff's motion to add a diversity-destroying administrator as a defendant based on the failure of the complaint to allege any acts or omissions outside the scope of her employment (Dkt. No. 21 at 26-27; Dkt. No. 23). That case was filed in state court on June 2, 2015 (Dkt. No. 1 at 1), and minimal discovery had occurred.

4

U.S.C. § 1446(c). An affirmative ruling on either of these ground would necessitate remand.

### **LEGAL STANDARD**

When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims. <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (4th Cir. 1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." <u>Id</u>.

Federal courts have original jurisdiction primarily over two types of cases, (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving diversity of citizenship under 28 U.S.C. § 1332. When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. Courts should resolve any doubt "about the propriety of removal in favor of retained state court jurisdiction." <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232-33 (4th Cir. 1993).

The doctrine of fraudulent joinder is a narrow exception to the complete diversity requirement. Jackson v. Allstate Ins. Co., 132 F.Supp.2d 432, 433 (N.D.W. Va. 2000) (Broadwater, J.). If the doctrine applies, the Court can exercise removal jurisdiction even though a non-diverse party is a defendant. Id. (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). The Court can disregard the citizenship of and dismiss the non-diverse defendant, thereby retaining jurisdiction over the case. Mayes, 198 F.3d at 461.

The removing party bears the "heavy burden of showing that there is no possibility of establishing a cause of action against [a] non-diverse party" by clear and convincing evidence. Jackson, 132 F.Supp.2d at 433 (citing Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999)); Clutter v. Consolidation Coal Co., 2014 WL 1479199 at *4 (N.D.W. Va. Apr. 15, 2014) (Stamp, J.). In the alternative, the removing party can establish that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Pritt v. Republican Nat. Committee, 1 F.Supp.2d 590, 592 (S.D.W. Va. 1998). "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit. Any shades of

gray are resolved in favor of remand." Adkins v. Consolidation Coal Co., 856 F.Supp.2d 817, 820 (S.D.W. Va. 2012).

The Court must resolve all issues of fact and law in the plaintiff's favor, but, in doing so, "is not bound by the allegations of the pleadings." Marshall, 6 F.3d at 232-33; AIDS Counseling and Testing Centers v. Group W Television, Inc., 903 F.3d 1000, 1004 (4th Cir. 1990). Instead, the Court can consider "the entire record, and determine the basis of joinder by any means available." AIDS Counseling, 903 F.3d at 1004 (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)). The standard for fraudulent joinder is more favorable to the plaintiff than the standard for a Rule 12(b)(6) motion to dismiss. Mayes, 198 F.3d at 464.

## ANALYSIS

**A. The Rooker-Feldman Doctrine**

Rooker-Feldman is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). The Court may raise Rooker-Feldman sua

sponte. Id. (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997)). Rooker-Feldman stems from the ideas that (1) only the United States Supreme Court has the authority to review state court judgments; and, (2) Congress has empowered the federal district courts to exercise only original jurisdiction. Id. (citing Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000)).

Rooker-Feldman applies whenever litigants institute a federal action in an attempt to seek review of a state court decision, regardless of how the attempt is styled or presented. Id. The "controlling question" is whether the party "seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is currently subject to reversal or modification" Jordahl, 122 F.3d at 202. The Rooker-Feldman doctrine "is in no way dependent upon the temporal procedural posture of the state court judgment." Id. Instead, it "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals." Id.

In the instant case, Rooker-Feldman is implicated because the defendants seek relief that would "render the [state court] judgment ineffectual." Id. The defendants seek a determination from this Court that Wellman was fraudulently joined because she undertook no action outside the scope of her employment as an administrator (Dkt. No. 1 at 9). Judge Bedell, however, was presented with the same argument in Wellman's motion for summary judgment (Dkt. No. 3-3 at 7 ("[Wellman] further avers that the Plaintiff has provided no evidence of any acts on her part that would have been outside her role as the Administrator of Heartland of Clarksburg")). Judge Bedell denied Wellman's motion for summary judgment as to this issue, finding that "[s]ufficient factual circumstances, legal authority and articulated argument have been advanced by the Plaintiff to withstand [Wellman's] Motion for Summary Judgment . . . ." Id. He therefore denied Wellman's motion, and directed Johnson to prepare an order reflecting that ruling. Id.

The defendants' argument that Judge Bedell has not yet issued a "judgment" is unconvincing, particularly because they removed the case before Judge Bedell could enter any further orders (Dkt. No.

JOHNSON V. HCR MANORCARE                                        1:15CV189

**MEMORANDUM OPINION AND ORDER GRANTING EMERGENCY
MOTION TO REMAND [DKT. NO. 3] AND REMANDING CASE**

---

6 at 11).³ Judge Bedell issued a letter ruling denying Wellman's motion for summary judgment and directing Johnson to prepare an appropriate order (Dkt. No. 3-3 at 7). Although the West Virginia Trial Court Rules provide that opposing counsel may object to "the wording or content" of a proposed order, they also make clear that such objections are not a second opportunity to argue the merits of the motion. See W. Va. Trial Court Rule 24.01(d) ("Objecting, proposing modifications, or agreeing to the form of a proposed order shall not affect a party's rights to appeal the substance of the order"). Even if Judge Bedell's order were not final, Rooker-Feldman clearly applies to interlocutory orders of state courts. Amer. Reliable, 336 F.3d at 319-20 ("The fact that such an order may be theoretically subject to modification does not impact the Rooker-Feldman analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order").

For all of the reasons discussed, the Court finds that the defendants' fraudulent joinder argument is an attempt to seek

---

³ The defendants raised this issue in the context of res judicata, not the Rooker-Feldman doctrine, which the Court has raised sua sponte (Dkt. No. 6 at 11).

adjudication of the same claim rejected by Judge Bedell. It therefore lacks jurisdiction over the matter under Rooker-Feldman, necessitating remand. See Amer. Reliable, 336 F.3d at 321 (affirming the decision of the district court remanding the case pursuant to Rooker-Feldman).

**B.    Timeliness of Removal**

Even if Rooker-Feldman were inapplicable, the defendants failed to remove the case within one year after commencement of the action, as required by 28 U.S.C. § 1446(c). A defendant generally may remove a case within thirty days after receiving the initial pleading or summons, or within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1), (3).

The right to remove under § 1446 has an outer limit, however. The defendant cannot remove a case based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Section 1446(c) is "an absolute bar" to removal of diversity cases more than one year after a case has commenced,

unless the Court makes a finding of bad faith. See <u>Belcher v. Flagstaff Bank, F.S.B.</u>, No. 2:12CV1211, 2012 WL 6195541, at *2 (S.D.W. Va. Dec. 12, 2012) (quoting <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160, 163 (4th Cir. 1997)).

To determine when an action "has commenced," courts look to the law of the state from which the action originated. <u>Id.</u> In West Virginia, a civil action "is commenced by filing a complaint with the court." W. Va. R. Civ. P. 3(a). Importantly, the one-year limitation does not reset based on amendments made to the original complaint. <u>Belcher</u>, 2012 WL 6195541, at *2 (remanding the case, which was removed more than one year after the original complaint was filed but less than one year after filing of the amended complaint, despite the fact that removal occurred directly following dismissal of the non-diverse defendant).

The contours of the bad faith exception are murky in the Fourth Circuit. <u>See, e.g.</u>, <u>Ramirez v. Johnson & Johnson</u>, No. 2:15CV9131, 2015 WL 4665809, at *3 (S.D.W. Va. Aug. 6, 2015). A guiding principle, however, is that the plaintiff is the "master of the complaint," and may avoid federal jurisdiction by drafting his complaint to exclusively rely on state law. <u>Id.</u> (internal quotations omitted) (citing <u>Pinney v. Nokia, Inc.</u>, 402 F.3d 430,

442 (4th Cir. 2005)). The use of strategy to defeat federal jurisdiction does not constitute bad faith. Id. Furthermore, "a defendant alleging bad faith by a plaintiff bears an arduous burden that requires evidence of forum manipulation." Id. (citing cases).

The defendants contend that they first became aware that Wellman had been fraudulently joined when they were served with Johnson's responses to their motions for summary judgment on October 2, 2015 (Dkt. No. 1 at 10). They argue that, in those responses, Johnson failed to allege any independent action by Wellman outside the scope of her employment, which put them on notice of Wellman's fraudulent joinder. Id. Even if the Court believed that the defendants were unaware of this information prior to October 2, 2015, they failed to remove the case within the one-year limit imposed by § 1446(c).

The original complaint was filed on July 14, 2014 (Dkt. No. 1 at 11). The defendants filed their notice of removal on October 26, 2015, approximately fifteen months later (Dkt. No. 1 at 1). The amended complaint, although filed within one year of the notice of removal, is irrelevant to the analysis under § 1446. Belcher, 2012 WL 6195541, at *2. Therefore, remand is required unless the defendants establish that Johnson acted in bad faith by including

Wellman as a defendant.  The defendants argue that Johnson sued Wellman in bad faith for the following reasons:  (1) Johnson has already dismissed one of three claims against Wellman; (2) Wellman's only involvement in the lawsuit has been her deposition; and (3) Johnson's counsel have dismissed administrators similarly situated to Wellman on the eve of trial in other cases (Dkt. No. 1 at 11-12; Dkt. No. 6 at 5).

Standing alone, these actions do not support a finding of bad faith.  Although the defendants suggest that Wellman's involvement should somehow be greater, the fact that Wellman was deposed stands in stark contrast to other cases where a defendant's participation was far less substantial.  See, e.g., Lawson v. Parker Hannifin Corp., No. 4:13CV923, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (finding bad faith when the plaintiff failed to serve the defendant with discovery requests or notice his deposition).

The alleged pattern of dismissing nursing home administrators on the eve of trial, even if true, is far from the "consistent plan and practice" asserted by the defendants (Dkt. No. 6 at 5). According to the defendants, plaintiff's counsel has explained the dismissal of these other administrators as "trial strategy."  Id. at 7.  Other than suspicious timing, the defendants have presented

no evidence that plaintiff's counsel is systematically engaging in forum manipulation.  See Hamilton San Diego Apartments, LP v. RCB Capital Markets, LLC, No. 14CV01856, 2014 WL 7175598, at *4 (S.D. Cal. Dec. 11, 2014) (finding no bad faith because the plaintiff "did not consistently fail to take steps to prosecute the claims" against the non-diverse defendant, and "provided consistent plausible reasoning" for the dismissal of the non-diverse defendant).  Given the procedural posture of this case, a finding of bad faith would be unwarranted.  See Ramirez, 2015 WL 4665809, at *2 ("Under Fourth Circuit law, removal statutes generally must be strictly construed against removal"); Adkins, 856 F.Supp.2d at 820 ("[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit.  Any shades of gray are resolved in favor of remand"); Marshall, 6 F.3d at 232-33 (noting that the Court must resolve all issues of fact and law in the plaintiff's favor).

For all of the reasons discussed, the Court **GRANTS** Johnson's emergency motion to remand (Dkt. No. 3) and **REMANDS** the case to the Circuit Court of Harrison County, West Virginia.

It is so **ORDERED.**

**JOHNSON V. HCR MANORCARE** 1:15CV189

**MEMORANDUM OPINION AND ORDER GRANTING EMERGENCY
MOTION TO REMAND [DKT. NO. 3] AND REMANDING CASE**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the Clerk of the Circuit Court of Harrison County, West Virginia.

DATED: October 28, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE